IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHAMIM A. CHOWDHURY, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 3:20-cv-03392-G-BT |
| | § | |
| WFG NATIONAL TITLE | § | |
| INSURANCE COMPANY, et al., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are four motions for summary judgment, filed by Defendants WFG National Title Insurance Company (WFG) (ECF No. 28); Fidelity National Title Insurance Company (Fidelity), Jairo Olivares, and Stephanie Olivares (ECF No. 38); Summit Funding Inc. (Summit) (ECF No. 41); and Fannie Mae and Mortgage Electronic Registration System Inc. (MERS) (ECF No. 47). For the following reasons, the District Court should GRANT the motions and dismiss all Plaintiffs' claims.

## Background

Plaintiffs Shamim A. Chowdhury and Liza S. Chowdhury, proceeding *pro se*, filed this lawsuit in a Dallas County state court on March 4, 2020. Pls.' Orig. Pet. (ECF No 1-2). In their operative pleading, which they amended twice prior to removal, Plaintiffs assert claims arising out of the 2009 refinance of their home located at 469 Tiffany Trail in Richardson, Texas. Pls.' 2d Am. Pet. (ECF No. 1-29).

1

These claims are generally vague and hard to follow. However, liberally construed, the Court understands Plaintiffs to allege that, that during the 2009 refinance, Defendants failed to properly convey legal title to Plaintiffs' home and placed fraudulent liens on their property. More specifically, Plaintiffs appear to allege the following:

- WFG breached a duty of care owed to Plaintiffs "by not confirming that had not made [*sic*] refinance payment to the right party in full amount" and "[b]y not releasing the purchase money lien." *Id.* ¶¶ 22, 29.

- Fannie Mae created a "cloud on title" of Plaintiffs' home by recording a void "Special Warranty Deed." *Id.* ¶ 42.

- Summit conspired to defraud Plaintiffs when it "assisted the unknown third party to materialize it's goal of transferring Plaintiffs' legal title to Mr[.] and Mrs[.] Olivares" and "recorded a fraudulent Deed of Release." *Id.* ¶ 57, 62.

- MERS engaged in a "conspiracy to fraud" by allowing "the mortgage lender to record a fraudulent lien on Plaintiffs' property Without [*sic*] verification of any information for it." *Id.* ¶ 67.

- Mr. and Mrs. Olivares, Plaintiffs' neighbors, held a "fraudulent quit claim deed on Plaintiffs' property" and conspired to, "as straw borrowers, assist[] a third party . . . in fraudulently . . . transferring Plaintiffs' property title." *Id.* ¶¶ 75, 78.

- Rebekah J. McDermott, Plaintiffs' former neighbor, "committed [an] act of conspiracy to fraud, the fraudulent act involve[ing] release of unrecorded fraudulent lien on Plaintiffs." *Id.* ¶ 87.

- Fidelity "provided mortgage insurance to Plaintiffs' lender, despite knowing the fact that it recorded invalid Deed of Trust on Plaintiffs['] property" and perpetrated a "fraud on

the court" by "filing a motion for sanction based on false allegation." *Id.* ¶¶ 98, 101.

After Plaintiffs filed their second amended petition, WFG removed the case to federal court. WFG's Not. 1 (ECF No. 1). Thereafter, Plaintiffs filed an Emergency Motion for Extension of Time to File Motion to Remand (ECF No. 14), which the Court ultimately denied without prejudice because Plaintiffs refused to comply with the Court's Local Rules. Ords. (ECF Nos. 19 & 20). Subsequently, all Defendants except McDermott filed summary-judgment motions. The motions assert that all of the Plaintiffs claims are either time-barred, not supported by evidence, or else wholly improper as a matter of law.

## Legal Standard and Analysis

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking summary judgment bears the initial burden of showing the absence of a genuine issue for trial. *Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (citation omitted). The movant's burden can be satisfied by demonstrating that there is an absence of evidence to support the nonmoving party's case, which the nonmovant bears the burden of proving at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant meets its initial burden, the nonmovant must show that summary judgment is not proper. *Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992) (citation omitted). The parties may satisfy their respective burdens "by tendering depositions, affidavits,

3

and other competent evidence." *Topalian v. Ehrman,* 954 F.2d 1125, 1131 (5th Cir. 1992) (citing *Int'l Shortstop, Inc. v. Rally's,* 939 F.2d 1257, 1263 (5th Cir. 1991); Fed. R. Civ. P. 56(e)).

The party opposing the summary-judgment motion must identify specific evidence in the record and state the precise manner in which that evidence supports the party's claim. *Esquivel v. McCarthy,* 2016 WL 6093327, at *2 (N.D. Tex. Oct. 18, 2016) (citing *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1988)). "Rule 56 does not impose a duty on the court to 'sift through the record in search of evidence' to support the nonmovant's opposition to the motion for summary judgment." *Id.* (citing *Ragas,* 136 F.3d at 458; *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992)). All evidence must be viewed in the light most favorable to the party opposing the summary-judgment motion. *Rosado v. Deters,* 5 F.3d 119, 123 (5th Cir. 1993) (citing *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986)).

I. The Court should grant summary judgment in favor of the moving Defendants because Plaintiffs have abandoned their claims.

Plaintiffs filed no response to any of the summary judgment motions filed in this case. It is well established in this Circuit that "[w]hen a plaintiff fails to defend a claim in response to . . . a summary judgment motion, the claim is deemed abandoned." See *Arias v. Wells Fargo Bank, N.A.*, 2019 WL 2770160, at *2-3 (N.D. Tex. July 2, 2019) (citing *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006)) (determining that the plaintiff abandoned his claim by failing to

4

respond to the defendant's Supplement to Motion for Summary Judgment); *see also Cantu v. Freedom Morg. Corp.*, 2021 WL 356840, at *2 (N.D. Tex. Jan. 4, 2021) (Rutherford, J.), *rec. adopted*, 2021 WL 351409 (N.D. Tex. Feb. 2, 2021).

While such a failure does not permit the court to enter a "default" summary judgment, a court is permitted to accept the movant's facts as undisputed when no response or opposition is filed. *Eversley v. Mbank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988). Normally, "[a] summary judgment nonmovant who does not respond to the motion is relegated to [his] unsworn pleadings, which do not constitute summary judgment evidence." *Bookman v. Schubzda,* 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)). As Plaintiffs' pleadings are not verified, they have presented no summary judgment evidence to raise a genuine dispute of material fact in response to any motion for summary judgment.

Because Plaintiffs have offered no evidence raising a material fact issue as to any element of any of their claims—indeed, they have not responded or offered any evidence all—the Court finds that Plaintiffs have abandoned their claims and that Defendants are entitled to summary judgment. See *Catlett v. Duncanville Indep. Sch. Dist.*, 2010 WL 3467325, at *12 (N.D. Tex. Sept. 2, 2010) (Kinkeade, J.) (citing *Black,* 461 F.3d at 588 n.1 (finding a claim abandoned when plaintiff failed to defend it in response to motion to dismiss); *Scales v. Slater,* 181 F.3d 703, 708 n.5 (5th Cir. 1999) (finding plaintiff abandoned claim by failing to contest defendant's arguments for dismissal of that claim); *Thompson v. Exxon Mobil Corp.,* 344 F.

Supp. 2d 971, 977 (E.D. Tex. 2004) ("Plaintiff has made no response to the Individual Defendants' request for summary judgment on this claim against them, and has presented no evidence raising a material fact issue as to this claim. Accordingly, this claim is deemed abandoned, and the Court will enter summary judgment for Defendants.")). *See also Celotex Corp.*, 477 U.S. at 323 ("The moving party is entitled to a judgment as a matter of law because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.") (internal quotation marks omitted). Accordingly, the District Court should grant Defendants' motions for summary judgment and dismiss all Plaintiffs' claims subject to the motions with prejudice.

II. <u>Alternatively, the Court should grant summary judgment to the moving Defendants because all Plaintiffs' claims fail as a matter of law.</u>

Even if Plaintiffs had not abandoned their claims, summary judgment for every moving Defendant would still be appropriate because there is no record evidence to support any of Plaintiffs' claims and Defendants are entitled to judgment as a matter of law.

    a. *The Court should grant WFG's Motion because Plaintiffs' claims against WFG are barred by the statute of limitations.*

Plaintiffs claim WFG breached a duty of care "by not confirming that had not made [*sic*] refinance payment to the right party in full amount" and by "not releasing the purchase money lien." Pls.' 2d Am. Pet. ¶¶ 22, 29. WFG contends that it should be granted summary judgment because these claims are barred by the statute of limitations.

6

In diversity cases arising under Texas law, such as this case, federal courts apply Texas statutes of limitation, along with any accompanying rules regarding accrual and tolling. *See, e.g.*, *Milton v. Stryker Corp.*, 551 F. App'x 125, 127 (5th Cir. 2014) (applying the Texas statute of limitations and tolling provisions for personal injury claims to a Texas-law claim filed in federal court on the basis of diversity). In Texas, the statute of limitations mandates that a claim for breach of the duty of care must be brought no later than two years after the day the cause of action accrues. Tex. Civ. Prac. & Rem. Code §16.003. "[A] cause of action accrues when a wrongful act causes a legal injury, regardless of when the plaintiff learns of that injury or if all resulting damages have yet to occur." *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 221 (Tex. 2003) (citation omitted).

Here, Plaintiffs' cause of action for breach of the duty of care stems from events in early 2009. Pls.' 2d Am. Pet. ¶¶ 22-29. However, Plaintiffs did not file this lawsuit until March of 2020—approximately 11 years after the facts giving rise to their claims. Plaintiffs' claims are thus well outside the statute of limitations and are therefore time-barred.

Plaintiffs' assertions in the operative pleading that the statute of limitations should be tolled are unavailing. While Plaintiffs claim they could not discover the fraud and were misinformed by WFG's customer-service department, they provide no evidence supporting such a claim. Moreover, WFG's evidence shows that Plaintiffs reviewed and executed each document relating to the refinance transaction step by step and personally reviewed, verified, and executed the

relevant deed of trust. *See* WFG's App. Exs. 3-10, at 11-56 (ECF No. 30). Accordingly, Plaintiffs had actual notice of the alleged fraudulent conduct in 2009 and cannot claim that the statute of limitations should be tolled because they could not discover the alleged fraud. *See KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 749-50 (Tex. 1999). Accordingly, Plaintiffs' claims against WFG are time-barred and thus fail as a matter of law.

> b. *The Court should grant Mr. and Mrs. Olivares and Fidelity's Motion because Plaintiffs' claims against them are unsupported by evidence and are barred by the statute of limitations.*

Plaintiffs claim that Mr. and Mrs. Olivares held a "fraudulent quit claim deed on Plaintiffs' property" and conspired to, "as straw borrowers, assist[] a third party . . . in fraudulently . . . transferring Plaintiffs' property title." Pls.' 2d Am. Pet. ¶¶ 75, 78. These claims are frivolous. Mr. and Mrs. Olivares purchased two lots located at 453 and 455 Tiffany Trail in Richardson—on the same street as Plaintiffs' home—on May 31, 2018. Fidelity's App. Ex. 4, at 1-3 (ECF No. 40-4). The Olivares's purchase, and subsequent financing, of their property have nothing to do with Plaintiffs' property—located at 469 Tiffany Trail. Moreover, Plaintiffs have submitted no evidence indicating that the purchase by Mr. and Mrs. Olivares was fraudulent. Indeed, Plaintiffs have failed to show how the Olivares's purchase, even if it was fraudulent, could possibly injure Plaintiffs or their unrelated property.

In addition, Plaintiffs assert an "unjustified enrichment" cause of action against Fidelity, alleging it "provided mortgage insurance to Plaintiffs' lender, despite knowing the fact that it recorded invalid Deed of Trust on Plaintiffs[']

8

property." Pls.' 2d Am. Pet. ¶ 98. But this claim is barred by the statute of limitations. In Texas, "[u]njust enrichment claims are governed by the two-year statute of limitations in section 16.003 of the Civil Practice and Remedies Code." *Elledge v. Friberg-Cooper Water Supply Corp.*, 240 S.W.3d 869, 871 (Tex. 2007). Once again, the alleged facts giving rise to Plaintiffs' unjust enrichment claim occurred in March 2009, but Plaintiffs failed to bring this lawsuit until March 2020. Moreover, Plaintiffs' claim that "the underlying tort with Which [*sic*] [Fidelity]'s unconscionable act is tied tolls for fraudulent concealment and non-disclosure" is not supported by any evidence. As before, Plaintiffs were able to objectively verify all contents of the closing documents for their home—so tolling is inappropriate.

Finally, Plaintiffs claim that Fidelity perpetrated a "fraud on the court" by "filing a motion for sanction based on false allegation." Pls.' 2d Am. Pet. ¶¶ 98, 101. Neither Texas law nor federal law provide a cause of action for "fraud on the court." Accordingly, Plaintiffs' claim against Fidelity fails as a matter of law.

    c. *The Court should grant Summit's Motion because Plaintiffs' claims against Summit are unsupported by evidence and otherwise fail as a matter of law.*

Plaintiffs allege that Summit conspired to defraud Plaintiffs when it "assisted the unknown third party to materialize it's goal of transferring Plaintiffs' legal title to Mr[.] and Mrs[.] Olivares" and "recorded a fraudulent Deed of Release." Pls.' 2d Am. Pet. ¶ 57, 62. Plaintiffs have offered no evidence indicating that Summit assisted anyone in transferring Plaintiffs' legal title in their home to

9

another party. And as noted above, Mr. and Mrs. Olivares have no relationship whatsoever with the Plaintiffs' home. Moreover, all the evidence indicates that Summit has no lending or other relationship with Plaintiffs and claims no security or other interest in their home at 469 Tiffany Trail. Summit's App. Ex. A ¶ 3 (ECF No. 43). Because Plaintiffs' have shown no evidence supporting either of their claims against Summit, their claims fail as a matter of law.

> d. *The Court should grant Fannie Mae and MERS's Motion because Plaintiffs' claims against them are unsupported by evidence and otherwise fail as a matter of law.*

Plaintiffs contend that Fannie Mae created a "cloud on title" of their home by recording a void "Special Warranty Deed." Pls.' 2d Am. Pet. ¶ 42. The elements of a suit to quiet title are (1) plaintiff has an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the defendant's claim, though facially valid, is invalid or unenforceable. *Montenegro v. Ocwen Loan Servicing, LLC*, 419 S.W.3d 561, 572 (Tex. App.—Amarillo 2013, pet. denied) (citation omitted). Plaintiffs have presented no evidence of the second requirement that their title is affected by any other party's claim. Indeed, the "Special Warranty Deed" executed by Fannie Mae relates to 637 Tiffany Trail, and not the Plaintiffs' home at 469 Tiffany Trail. Fannie Mae's App. Ex. B 25-31 (ECF No. 48). Accordingly, because Plaintiffs present no evidence that their title is affected, their claim against Fannie Mae fails as a matter of law.

Plaintiffs also claim that MERS engaged in a "conspiracy to fraud" by allowing "the mortgage lender to record a fraudulent lien on Plaintiffs' property

Without [*sic*] verification of any information for it." Pls.' 2d Am. Pet. ¶ 67. As best the Court understands, Plaintiffs' essential assertion here is that the purchase of 453 and 455 Tiffany Trail by Mr. and Mrs. Olivares somehow injured Plaintiffs' title to their home at 469 Tiffany Trail. As noted above, Plaintiffs present no evidence that the Olivares's purchase affected Plaintiffs in any way. Therefore, this claim, like all others premised on the Olivares's purchase, fails as a matter of law.

### III. The Court should dismiss Plaintiffs' claims against Rebekah McDermott for want of prosecution.

Plaintiffs also assert that Rebekah J. McDermott "committed [an] act of conspiracy to fraud, the fraudulent act involv[ing] release of unrecorded fraudulent lien on Plaintiffs." *Id.* ¶ 87. However, it appears that McDermott was dismissed in state court, and then never re-served with Plaintiffs' operative pleading—either before or after the case was removed.

Plaintiffs must serve defendants within 90 days after a complaint is filed. Fed. R. Civ. P. 4(m). Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing Link v. Wabash, R.R. Co., 370 U.S. 626 (1962)). Because Plaintiffs have failed to serve McDermott in the 14 months since the case was removed, the

Court should dismiss Plaintiffs' claims against McDermott for want of prosecution. *See, e.g.*, *Karim v. Johnson,* 2021 WL 1670837, at *1 (N.D. Tex. Apr. 6, 2021) (Rutherford, J.), *rec. adopted*, 2021 WL 1664373 (N.D. Tex. Apr. 28, 2021).

## RECOMMENDATION

For the reasons stated, the District Court should GRANT Defendants' motions for summary judgment and DISMISS with prejudice all Plaintiffs' claims against WFG National Title Insurance Company, Fidelity National Title Insurance Company, Jairo Olivares, Stephanie Olivares, Summit Funding Inc., Fannie Mae, and Mortgage Electronic Registration System Inc. The Court also should DISMISS without prejudice under Rule 41(b) Plaintiffs' claims against McDermott.

**SO RECOMMENDED.**

January 12, 2022.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).